**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM W. MATTES, JR.,
Plaintiff-Appellant,

v.

JOHNS HOPKINS UNIVERSITY, Applied
Physics Laboratory,
Defendant-Appellee.

No. 97-1871

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-96-2977-CCB)

Submitted: March 24, 1998

Decided: April 7, 1998

Before WILKINSON, Chief Judge, and BUTZNER and HALL,
Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Antonios A. Heper, Baltimore, Maryland, for Appellant. Andrew Jan-
quitto, MUDD, HARRISON & BURCH, Towson, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William W. Mattes appeals the district court's memorandum and
order granting summary judgment to his former employer and dis-
missing his civil complaint in which he alleged wrongful discharge
and related claims. Finding no error, we affirm.

In October 1995, Mattes commenced an action in a Maryland state
court charging his prior employer, Johns Hopkins University Applied
Physics Laboratory ("JHU APL"), with wrongful discharge, defama-
tion, breach of contract and negligence. An amended complaint filed
in September 1996 added a claim that he was discharged in violation
of 18 U.S.C. § 1031(h) (1994), a federal whistle blower statute. The
Appellee removed the case to federal court under 28 U.S.C. § 1446
(1994).

The gravamen of Mattes's complaint concerns his discharge from
employment due to a reduction in force. Mattes contends he was dis-
charged because he raised concerns regarding proper compliance with
a federal government contract. JHU APL is a laboratory performing
research and development primarily for the federal government,
including the design and fabrication of satellites for NASA. Mattes
was hired by JHU APL as an engineer in May 1990. Mattes signed
a form acknowledging that he was an at-will employee whose
employment could be terminated for any reason.

In 1992, Mattes was promoted to the position of section supervisor.
In 1993, Mattes discovered what he perceived to be irregularities in
the procedures to create samplings of coatings of flight hardware that
would be incorporated into a satellite. Mattes brought his concerns to
his immediate supervisor, Joe Abita. Abita established a process
action team, headed by Mattes, to investigate the charge. After inves-
tigation, the team determined that the procedures were not irregular.

2

Mattes's section inspected flight designated hardware. He rejected a number of items for lack of conformity with the required specifications. Mattes believed other employees were concerned he was too strict with inspections and caused a backlog.

In early 1995, JHU APL decided to reduce its work force due to declining revenues. Department heads were asked to use specific criteria in determining who should be discharged. Abita submitted a list of four individuals he believed were potential candidates for discharge. Mattes was not on the list. Abita's supervisor, Harry Charles, told Abita that two of the candidates did not meet the criteria and suggested adding Mattes's name to the list. Abita did not agree with that suggestion, but after discussion with Charles, did as he was directed. Mattes was discharged in June 1995 as part of the reduction in force. Shortly thereafter, Mattes commenced this lawsuit.

The district court made several findings in granting summary judgment to JHU APL. The court found that: (1) Mattes failed to articulate a public policy violated by his discharge; (2) his acts were not in furtherance of a prosecution, and thus he could not have the benefit of the federal whistle blower statute; (3) the defamation claim was untimely and without specification; (4) Mattes was an at-will employee and could not show a breach of contract or the violation of an implied breach of contract; and (5) Mattes failed to identify a duty breached by JHU APL to support his negligence claim.

We review a district court grant of a motion for summary judgment de novo. See Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995). A summary judgment motion should only be granted if there is no genuine dispute as to an issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248 (1986)). The district court must evaluate the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in that party's favor. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Initially, we note that Mattes's appellate brief includes numerous references to attachments and evidence Mattes submitted to the district court in a post-judgment motion under Fed. R. Civ. P. 59. Our

review, however, is limited to the record before the court at the time it disposed of the summary judgment motion. See Berry v. Atlantic Coast Line R. Co., 273 F.2d 572, 582 (4th Cir. 1960). Mattes's notice of appeal was not effective as an appeal from the district court's denial of the Rule 59 motion. The court's order granting summary judgment was entered on May 30, 1997. Mattes filed his Rule 59 motion on June 9, 1997. He filed a notice of appeal on June 30, 1997. The court disposed of his Rule 59 motion on July 7, 1997. Mattes did not amend his previously filed notice of appeal or file a new notice of appeal. Appellate review of an order disposing of a Rule 59 motion requires the appellant to amend a previously filed notice of appeal. See Fed. R. App. P. 4(a)(4). Thus, our review of this appeal does not include evidence submitted in support of his Rule 59 motion unless the evidence was before the court when it granted summary judgment to the Appellee.

On appeal, Mattes contends that he was discharged because he refused to support and participate in illegal activities. Under Maryland law, an at-will employee may be terminated at any time for any reason, except under narrow circumstances; i.e. when the termination contravenes a clear mandate of public policy. See Bagwell v. Peninsula Reg'l Med. Ctr., 665 A.2d 297, 309 (Md. App. 1995). The employee has the burden of articulating the public policy with clarity, specificity, and authority. Id. at 309-10. Discharging an employee due to the employee's refusal to act in an unlawful manner would violate public policy. See Adler v. American Standard Corp., 432 A.2d 464, 470-71 (Md. 1981).

Mattes's contention is merely conclusory. There is no evidence that any of his supervisors attempted to coerce him into engaging in any illegal activity or preparing fraudulent documents. Nor is there any evidence that JHU APL violated a contract with the government.

Likewise, Mattes's claim under 18 U.S.C. § 1031(h) is without merit. Under § 1301(h):

> Any individual who --
>
> (1) is discharged . . . by an employer because of the lawful acts done by the employee on behalf of

4

the employee or others in furtherance of a prosecu-
tion under this section* (including investigation
for, initiation of, testimony for, or assistance in
such prosecution), and

(2) was not a participant in the unlawful activity
that is the subject of said prosecution, may, in a
civil action, obtain all relief necessary to make
such individual whole. . . .

Mattes concedes that he never contacted anyone, except his supervisor concerning his allegations. Section 1031(h) requires the protected conduct be in furtherance of a prosecution. Mattes never reported any of the alleged misconduct to any federal agency and never provided any assistance in furtherance of a prosecution. See Zahodnick v. International Bus. Machs., ___ F.3d ___, 1997 WL 782936 (4th Cir. Dec. 22, 1997) (No. 96-2663). Equally unavailing is Mattes's argument that he should be afforded the protection of this act as an "anticipated whistle blower." There is no support for that contention.

In a response to an interrogatory, Mattes offered three statements which were the basis for his defamation claim. All three statements were allegedly communicated on July 22, 1994. Mattes commenced the lawsuit in October 1995. The statute of limitations for defamation in Maryland is one year. See Md. Cts. & Jud. Proc. Code Ann. § 5-105 (1995). Thus, this cause of action is clearly barred by the statute of limitations.

Mattes concedes as much in his appellate brief; however, he contends there were other defamatory statements communicated within one year of commencement of the lawsuit. Yet he failed to establish when those statements were made, their content, who made them, or who heard them. Accordingly, we find the court properly granted summary judgment on this claim.

We also find the court properly granted summary judgment on Mattes's breach of contract claim. Mattes relies on a 1983 document

_____

*18 U.S.C. § 1031 criminalizes, among other things, fraud perpetrated on the government by a contractor or subcontractor.

5

titled Professional Staff Performance Appraisal Instructions ("PSRAI") to support his breach of contract claim. He contends this document established the criteria under which employees would be discharged pursuant to the reduction in force. He further contends that he relied on this document to his detriment. It is uncontroverted, however, that Mattes understood his employment could be terminated at any time for any reason. The PSRAI did not limit JHU APL's discretion to discharge Mattes or set forth procedures that should have preceded his discharge. See Hrehorovich v. Harbor Hosp. Ctr. Inc., 614 A.2d 1021, 1031 (Md. App. 1992) (stating criteria for an implied employment contract). Nor did the document contain an express commitment to adhere to a specific policy during a reduction in force. See MacGill v. Blue Cross of Md., Inc., 551 A.2d 501, 503-04 (Md. App. 1989).

Finally, with regard to the negligence claim, Mattes refers to JHU APL's alleged duty to evaluate his qualifications and to discharge in accordance with procedures, but he does not specifically contest the court's dismissal of his negligence claim. Moreover, he concludes his brief by stating "[t]here are disputes which address all but the negligence count of the Complaint [which] are sufficiently substantial to affect the outcome of the case." Because Mattes does not take issue with the court's decision on the negligence claim by citing reasons, authorities, or statutes, we find this claim abandoned. See 11126 Baltimore Blvd. Inc. v. Prince George County, Md., 58 F.3d 988, 993 n.7 (4th Cir. 1995).

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

6